Mr. Justice Day
delivered the opinion of the Court.
The plaintiffs in error are the adoptive parents of a minor infant born to Tunks. They are in this court by writ of error seeking to set aside a county court order revoking a final decree of adoption entered by the court ■on February 14, 1961, after consent and relinquishment had been filed by the natural mother.
The ground for reversal urged by the plaintiffs in error is that the order setting aside the decree of adoption was entered by the court without a hearing. Tunks filed a petition seeking to have the adoption set aside, and the Pelts were never given their day in court to resist the natural mother’s petition for revocation of the decree.
The child, James Michael Tunks, was born on December 9, 1960, to Genice Tunks. The father of the child was listed as “unknown.” A stipulation of the parties indicates "that the mother went to work at Mr. Pelt’s place of employ, apparently during her second month of pregnancy. The same stipulation further shows that the mother quit work and went to live in the Pelt home, apparently at her seventh month of pregnancy, and that Tunks and later the infant resided at the Pelt home until about a month after the child was born, at which time Tunks left the Pelt home and left the child James with the. Pelts.
On December 27, 1960, an interlocutory decree of adoption in this matter was entered by the trial court. On February 14, 1961, the trial court entered its final •decree of adoption.
More than seven months later, on September 28, 1961, Tunks filed her petition for revocation of the decree. The *217 substance of the allegations in said petition was that “She was in a high state of emotional instability and nervousness * * * and did not fully realize the consequence of her acts” at the time of the execution of the consent and relinquishment. Thereafter, on November 20, 1961, the stipulation mentioned above was entered into “for the convenience of the parties and for the expeditious handling of the above hearing.” The matter was set for hearing on October 6, 1961, and continued to November 20, 1961. No hearing was held on November 20, 1961, and there is no record of any proceeding then or on any date thereafter until January 4, 1962, when a minute order appears as follows:
“Now on this the 4th day of January, 1962, it is Ordered that Decree be set aside and James C. Pelt and Emma Pelt have ten (10) days to answer.” (Emphasis supplied.)
On the same day the court entered findings of fact and conclusions of law setting aside the adoption, dispensing with motion for a new trial and giving the Pelts “10 days from the date of this order within which to file their appeal.”
From the foregoing it appears that the contention of the plaintiffs in error is correct. No hearing was had on the petition to set aside the decree. On the day the Pelts were given ten days to answer the petition an order also was entered making the action of the court final in giving them ten days in which to file an appeal.
Plaintiffs in error request reversal of the judgment and remand to the county court with directions to set the matter down for hearing on the merits. Counsel for Tunks has filed a statement with the court consenting to a determination without an answer brief, his position being that because the only relief requested is a hearing on the merits he has advised defendant in error that her position would still be the same as before.
The judgment is therefore reversed and the cause remanded to the county court for trial on the merits.. *218 With reference to a request for assignment of a judge for the trial, suffice it to say that such motions are first to be filed in the trial court.